**MPR GLOBAL, INC., Plaintiff–Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, an organization of the United States Government a/k/a FDIC, Defendant–Appellee.**

No. 07–55244.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 24, 2008.\*

Filed Oct. 30, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Larry Rothman, Esq., Larry Rothman & Associates, Orange, CA, for Plaintiff–Appellant.

Federal Deposit Insurance Corporation, Drive Arlington, VA, for Defendant–Appellee.

Before: W. FLETCHER and PAEZ, Circuit Judges, and DUFFY,** District Judge.

### MEMORANDUM ***

MPR Global, Inc. ("MPR") appeals the dismissal of its suit for lack of subject matter jurisdiction based on failure to exhaust administrative remedies under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA").

On March 29, 1995, a California state court ordered the Resolution Trust Corporation ("RTC"), as receiver for Platte Valley Savings ("PVS"), to pay costs and attorneys' fees to MPR's predecessors in interest. MPR's predecessors in interest filed a claim on this judgment with the receiver, in accordance with the FIRREA claims process. On December 11, 1996, the Federal Deposit Insurance Corpora-tion ("FDIC"), which succeeded the RTC, allowed the claim and paid that judgment in full with a receiver's certificate, which federal law permits. *See Battista v. F.D.I.C.*, 195 F.3d 1113, 1116 (9th Cir. 1999). On June 1, 2000, following public notice, the FDIC closed the PVS receivership. On July 27, 2006, MPR, having received an assignment of the judgment, filed an action in federal district court against the FDIC as former receiver for PVS. MPR claimed that the "apparently worthless" receiver's certificate did not satisfy the state court judgment and requested that the judgment be renewed.

Under FIRREA, claimants must request administrative review or file suit within 60 days following the FDIC's initial determination with respect to their claims. *See* 12 U.S.C. § 1821(d)(6). If the claimant fails to do either, then the "claimant shall have no further rights or remedies with respect to such claim." § 1821(d)(6)(B).

MPR's predecessors indisputably failed to exhaust administrative remedies by neglecting to request administrative review within 60 days following the FDIC's payment of the claim with a receiver's certificate. Therefore, MPR has not satisfied the jurisdictional prerequisite for suit. *Intercontinental Travel Marketing, Inc. v. F.D.I.C.*, 45 F.3d 1278, 1282 (9th Cir.1994) ("No court has jurisdiction ... until the exhaustion of this [§ 1821] administrative process."). Likewise, MPR's predecessors indisputably failed to file suit within 60 days following receipt of the receiver's certificate. The failure to do so triggers a statute of limitations provision that bars MPR's claim. *See* § 1821(d)(6)(B).

MPR's claim does not satisfy any of the narrow exceptions to the mandatory

---

** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1821 process recognized by the Ninth Circuit. *See McCarthy v. F.D.I.C.*, 348 F.3d 1075, 1077–80 (9th Cir.2003).

We hold that the district court properly determined that it lacked subject matter jurisdiction because MPR and its predecessors in interest failed to exhaust their administrative remedies. We hold further that MPR's claim is time barred under § 1821(d)(6)(B).

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.